Cherilyn Y. STEWART and Myrna Austill, Plaintiffs,

v.

ORION FEDERAL CREDIT UNION f/k/a Memphis Area Teachers Credit Union, Defendant.

No. 12–cv–02111–JPM/TMP.

United States District Court, W.D. Tennessee, Western Division.

Sept. 26, 2012.

---

former employer, engaged in discriminatory employment practices, and that both women were unlawfully terminated as retaliation for complaining to the Human Resources Department about the alleged discrimination. In the complaint, Stewart claims to have suffered pain, humiliation, embarrassment, and emotional distress as a result of Orion's actions.[1] Stewart has provided the names of three professionals from whom she sought treatment for her resulting emotional distress, and Stewart's attorney has acknowledged that he intends to introduce mental health expert testimony in Stewart's case.

In its motion, Orion requests that Stewart be required to execute medical and mental health releases "which [will] permit [Orion] to subpoena and retrieve the medical records." (ECF No. 34, Ex. 1.) Orion bases this request on the argument that direct access is "more likely to produce a complete authentic record" than if the records are produced through Stewart and her counsel. Stewart contends that the Sixth Circuit does not require such releases and typically allows parties to screen their own records for irrelevant and privileged material before producing them to the requesting party. In reply, Orion distinguishes the current case's "compensatory damages issue" from a "mere diagnosis issue," implying that the complexity of a mental health assessment necessitates complete access to the records. Both parties have cited case law from the Southern District of Ohio in support their respective positions.

 It is undisputed that Orion is entitled to Stewart's mental health records. Because Stewart has placed her mental health at issue in this case, she has waived the privilege that would normally exist as to her mental health records and psychotherapist-patient relationship. *See, e.g., Simon v. Cook,* 261 Fed.Appx. 873, 886 (6th Cir.2008); *Maday v. Pub. Libraries of Saginaw,* 480 F.3d 815, 821 (6th Cir.2007); *Long v. Coopertown,* No. 3:09–cv–00900, 2011 WL 253173, at *3 (M.D.Tenn. Jan. 25, 2011). It is also

William B. Ryan, Donald A. Donati, Bryce William Ashby, Donati Law Firm, LLP, Memphis, TN, for Plaintiffs.

James R. Mulroy, II, Carrie L. Kinsella, Jackson Lewis LLP, Memphis, TN, for Defendant.

## ORDER GRANTING MOTION TO COMPEL

TU M. PHAM, United States Magistrate Judge.

Before the court by order of reference is defendant Orion Federal Credit Union's ("Orion") Motion to Compel, filed on August 21, 2012. (ECF No. 34.) In its motion, Orion seeks to compel plaintiff Cherilyn Stewart to sign releases for her mental health and medical records pertaining to her claims of emotional injuries. Orion also requests attorney's fees associated with bringing this motion. Stewart filed a response in opposition to the motion on August 22, 2012, and Orion filed a reply on August 29, 2012. For the reasons below, Orion's Motion to Compel is GRANTED.

This case involves allegations by Cherilyn Stewart and Myrna Austill that Orion, their

1. Stewart brought this action with co-plaintiff Austill, who has made similar allegations against Orion. However, because Stewart is the only plaintiff who claims to have received treatment

for her emotional injuries, her medical records are the only ones in dispute. Austill has only claimed "garden variety" emotional distress, so her records are not at issue.

undisputed that Stewart's authorization is essential to Orion's efforts to subpoena those records. The only dispute, therefore, is whether Orion is entitled to obtain those records directly from the treating physicians through its Fed.R.Civ.P. 45 subpoena, or whether it must get the records through Stewart and her counsel under Fed.R.Civ.P. 34.

The court finds that the case law cited by both parties is inapplicable to the instant motion. Stewart relies heavily on *Moody v. Honda of America Mfg., Inc.*, No. 2:05–cv–0880, 2006 WL 1785464 (S.D.Ohio June 26, 2006), in which the court held that the producing party was permitted, to review and withhold irrelevant medical records in response to a Rule 34 request. *Id.* at *5 ("[Medical records] should be treated just like any other document which is requested under Rule 34"). It would appear that *Moody* relates only to a party's attempt to obtain medical records from an opposing party through Rule 34, rather than obtaining those records from a non-party through a subpoena. Similarly, the other cases that discuss a court's authority to compel the execution of medical releases do so only insofar as the motions to compel are made in conjunction with Rule 34 document requests. *See, e.g., Moore v. Rockwood,* No. 09–cv–329–SM, 2011 WL 4807898, at *2 (D.N.H. Oct. 11, 2011) ("[C]ourts have gone both ways on the question of whether Rule 34 permits a court to order a party to execute medical authorizations"); *Ward v. ESchool Consultants, LLC,* No. 2:10–cv–866, 2011 WL 4402784, at *1 (S.D.Ohio Sept. 21, 2011) (stating that the defendant's motion to compel relates to requests for executed medical authorizations "pertaining to discovery requests for documentation of [p]laintiff's medical … history"); *Ayers v. Cont'l Cas. Co.,* No. 5:05CV95, 2007 WL 2156553, at *4 (N.D.W.Va. July 25, 2007) ("There exists a division among courts about whether a court may order a party to provide a medical records release under Rule 34.").

In contrast, Orion's motion seeks Stewart's records through a subpoena rather than a Rule 34 document request, and Orion requires Stewart's authorization to effectuate the subpoena. None of the cases cited by the parties or reviewed by this court suggest that a party may be precluded from using a Rule 45 subpoena to discover medical records to which that party is entitled. The debate seems to pertain only to whether Rule 34 can be used as an alternate means of obtaining medical records and, if so, whether ordering medical releases is appropriate in such a situation. Thus, insofar as Orion is seeking the records through Rule 45, the argument that Orion must have Stewart's medical records screened by Stewart and her counsel prior. to production to Orion, is not well-taken.

The court, however, recognizes the privacy concerns that necessarily exist when medical and mental health records are produced in discovery. Accordingly, Orion's motion to compel will be granted subject to an attorney's and experts' eyes only protective order. The parties will be responsible for submitting a proposed protective order to the court for approval. The parties shall discuss and resolve any issues regarding specific documents that defense counsel may wish to disclose to their client or use at trial. Should the parties be unable to settle disputes over the disclosure of particular records, they may bring those issues to the court for resolution. Therefore, subject to the condition of the protective order, Orion's motion to compel Stewart's execution of releases for medical and mental health records relating to Stewart's alleged emotional injuries is hereby GRANTED.

Finally, the court finds that Orion is not entitled to attorney's fees, and therefore its motion for attorney's fees is DENIED.

IT IS SO ORDERED.